**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Mathis, | No. CV-23-00323-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| CoreCivic, et al., | |
| Defendants. | |

Plaintiff Jason Mathis requests discovery be reopened to conduct two depositions and so that he can disclose an expert witness. (Doc. 51.) Defendants CoreCivic and Awaal oppose the request because Mathis's "condition is improving" and he has not demonstrated good cause. (Doc. 58 at 4.) Whether Mathis's condition is improving is not relevant to reopening discovery and Mathis has satisfied the good cause standard. Reopening discovery will provide a more complete record for the jury to resolve the merits of Mathis's claims. Discovery therefore is reopened but the scheduled trial date will remain in place.

The court must evaluate six factors when deciding whether to reopen discovery. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017). The first factor is "whether trial is imminent." *Id.* Trial is set for November 4, 2025, but Mathis represents his proposed discovery can be completed before trial. (Doc. 51 at 4.) Even if the trial in November should be considered "imminent," there is sufficient time to allow discovery such that the parties' trial preparations will not be impacted. The first factor does not weigh in favor of either side.

1    The second factor is "whether the request is opposed." *City of Pomona*, 866 F.3d at
2    1066. Defendants' opposition means this factor weighs against allowing discovery.

3    The third factor looks to whether defendants will be prejudiced. *Id.* According to
4    defendants, they will be prejudiced because reopening discovery "amounts to an
5    unnecessary fishing expedition," will allow Mathis "to conduct discovery with knowledge
6    of Defendants' Motion for Summary Judgment and the Court's ruling regarding same,"
7    and "will exponentially increase Defendants' costs in defending the action." (Doc. 58 at
8    6.) These arguments are not convincing.

9    It is difficult to see how the targeted discovery Mathis seeks could plausibly be
10   described as a "fishing expedition." The two proposed depositions and expert testimony
11   likely will produce information crucial to Mathis's claims. Next, it is unclear how
12   reopening discovery would be prejudicial merely because it is occurring after defendants'
13   summary judgment motion. The basis for Mathis's claims has always been clear and the
14   proposed discovery will not focus on any unique aspect because of the summary judgment
15   motion and order. And finally, the discovery will increase defendants' costs only because
16   they were benefitting from Mathis's lack of counsel originally. The targeted discovery
17   Mathis seeks is discovery that would have been conducted had Mathis had counsel from
18   the beginning. Requiring defendants incur costs they would have incurred but for Mathis's
19   previous inability to obtain counsel is not a cognizable form of prejudice. The lack of
20   legitimate prejudice supports reopening discovery.

21   The fourth factor looks to whether Mathis "was diligent in obtaining discovery
22   within the guidelines established by the court" and the fifth factor looks to "the
23   foreseeability of the need for additional discovery in light of the time allowed for discovery
24   by the district court." *City of Pomona*, 866 F.3d at 1066. Both factors are impacted by
25   Mathis originally proceeding without counsel. During the initial discovery period, Mathis
26   conducted some discovery, indicating he was diligent to some extent. But the fact that he
27   was incarcerated meant it would have been difficult—if not impossible—for Mathis to
28   conduct all the discovery necessary, especially the depositions or retention of an expert

now at issue. It was Mathis's pro se status and not any lack of diligence that prevented the proposed discovery. It was also foreseeable when discovery was open that the discovery Mathis now seeks would be needed. But again, his pro se status and being incarcerated meant that even if foreseeable, it would have been very difficult for Mathis to conduct the discovery he now seeks. These factors weigh in favor of allowing discovery.

The final factor is "the likelihood that the discovery will lead to relevant evidence." *City of Pomona*, 866 F.3d at 1066. Depositions of Awaal and a Rule 30(b)(6) witness will lead to relevant evidence as will the retention and disclosure of an expert. This factor supports allowing discovery.

Viewed together, the factors support reopening discovery if discovery does not interfere with the current trial date. To ensure the trial proceeds as planned, discovery must be completed by the deadlines set forth below. To prevent any possible prejudice, defendants will be permitted to identify their own expert if they wish to counter Mathis's expert.

**IT IS ORDERED** the Motion to Reopen Discovery (Doc. 51) is **GRANTED**. Plaintiff may conduct a deposition of defendant Awaal, a Rule 30(b)(6) deposition, and disclose an expert. Plaintiff shall complete the depositions no later than **August 29, 2025**.

**IT IS FURTHER ORDERED** plaintiff shall provide a full and complete expert disclosure, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **July 18, 2025**. If defendants wish to disclose an expert, they shall do so no later than **August 18, 2025**.

Dated this 28th day of May, 2025.

**Honorable Krissa M. Lanham**
**United States District Judge**